# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

February 17, 2021

Lyle W. Cayce
Clerk

No. 20-10489
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

BRYAN JAMES COLLINS,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 1:19-CR-109-1

Before HAYNES, WILLETT, and HO, *Circuit Judges*.

PER CURIAM:*

Bryan James Collins was convicted by a jury of attempted enticement of a minor (count one) and attempted transfer of obscene material to a minor (count two). The district court sentenced him within the advisory guidelines range to 120 months of imprisonment on each count, to be served

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

No. 20-10489

concurrently, five years of supervised release on count one, two years of supervised release on count two, to be served concurrently for a total of five years, and a $200 special assessment.

On appeal, Collins argues the district court showed partiality to the prosecution in two instances: (1) the questioning of Dr. Jason Dunham, and (2) a comment made on the second day of the trial. As Collins concedes, he did not object to either instance of alleged partiality in the district court. Therefore, review is limited to plain error. *See United States v. Napper*, 978 F.3d 118, 122 (5th Cir. 2020). To prevail on plain error review, Collins must identify (1) a forfeited error (2) that is clear or obvious, and (3) that affects his substantial rights. *Puckett v. United States*, 556 U.S. 129, 135 (2009). If he satisfies the first three requirements, this court may, in its discretion, remedy the error if the error "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings." *Id.* (internal quotation marks and citation omitted).

If viewed in the context of the entire record, the district court's questioning of Dr. Dunham does not constitute error, plain or otherwise. *See United States v. Perez-Melis*, 882 F.3d 161, 165 (5th Cir. 2018). The court had expressly advised defense counsel that Dr. Dunham could not testify concerning Collins's state of mind. When Dr. Dunham testified concerning Collins's state of mind twice, the court sustained the Government's objections and instructed the jury to disregard the testimony. After the second instance, the court asked whether Dr. Dunham, in his expert opinion, believed Collins was interested in Ty because he was a minor. The court then allowed defense counsel to ask Dr. Dunham to explain grooming, the other issue the court allowed him to address. The cumulative effect of the district court's questioning was not substantial and did not prejudice Collins's case. *See United States v. Saenz*, 134 F.3d 697, 701-02 (5th Cir. 1998). Collins has

not shown that the court's questioning was so prejudicial that it denied him a fair trial. *See Perez-Melis*, 882 F.3d at 165.

Although the district court's comment on the second day of the trial may have shown its impatience with defense counsel, Collins has not shown the comment reflected a partiality to the Government. *See Liteky v. United States*, 510 U.S. 540, 555-56 (1994). Further, in view of the curative instructions given by the district court, Collins has not shown that the district court's comment constituted plain error that affected his substantial rights. *See United States v. Hefferon*, 314 F.3d 211, 222 (5th Cir. 2002); *United States v. Reyes*, 227 F.3d 263, 267 (5th Cir. 2000).

Next, Collins argues the prosecutor made a reference to Collins's testimony during closing argument and the jury would have interpreted it as a comment on his decision not to testify. Because he did not expressly object that the prosecutor had made a comment on the defendant's decision not to testify, his objection was not sufficiently specific to give the district court an opportunity to correct the error. *See United States v. Nesmith*, 866 F.3d 677, 679 (5th Cir. 2017). Therefore, the plain error standard of review is applicable. *See United States v. Juarez*, 626 F.3d 246, 253-54 (5th Cir. 2010). The record demonstrates that the prosecutor's manifest intent was not to comment on Collins's decision not to testify, but rather the defendant's statement during his post-arrest interview; the record also indicates the jury would have understood that the prosecutor was talking about Collins's post-arrest interview. *See United States v. Bohuchot*, 625 F.3d 892, 901 (5th Cir. 2010).

Finally, Collins contends that the evidence was insufficient to support his convictions because it does not establish beyond a reasonable doubt that he believed he was talking to a minor. Although the Government contends that the plain error standard of review is applicable, we need not resolve this

issue because the evidence was sufficient to support Collins's conviction even under the de novo standard of review.

To prove both offenses, the Government was required to show that Collins knew that he was talking to a minor. *See United States v. Rounds*, 749 F.3d 326, 333 (5th Cir. 2014) (concerning enticement of a minor under 18 U.S.C. § 2422(b)); *see United States v Salcedo*, 924 F.3d 172, 177 (5th Cir.) (concerning transfer of obscene material to a minor under 18 U.S.C. § 1470), *cert. denied*, 140 S. Ct. 289 (2019). The Government presented evidence that the undercover agent posed as Ty and told Collins he was 15 years old and could not drive. After Collins expressed doubt about Ty's age, the agent said, "Yeah, some care and some don't." Collins then shared his sexual fantasy in which he would be a teacher and Ty would be his student. Collins also admitted in his post-arrest interview that he had talked to four possible minors online in the past, including one person who was 16 years old. Thus, the evidence established that Collins knew there were minors using the online application. If the evidence is viewed in the light most favorable to the verdict, a rational trier of fact could have found beyond a reasonable doubt that Collins knew he was talking to a minor in the online chat and that he continued to make plans to meet Ty even after he learned Ty was a minor. *See United States v. Umawa Oke Imo*, 739 F.3d 226, 235 (5th Cir. 2014).

AFFIRMED.